**Starr Estate**

*Larry F. Knepp*, for petitioner.

ZIEGLER, P. J., December 12, 1972.—Several matters have arisen during the course of adjudication of incompetency, appointment of guardian and presentation of petition for sale of real property, some of which have caused problems for other members of the bar and all of which require clarification for the guidance of the bar in the adjudication of incompetency, appointment of guardians for the estates of incompetents and administration of their estates.

The first matter involves process for obtaining jurisdiction of the person of an alleged incompetent. section 764 of the Probate, Estates and Fiduciaries Code of June 2, 1972, P. L. 421, effective July 1, 1972, formerly 20 PS §2080.704, provides that jurisdiction of the person shall be obtained by citation, and section 765 of said code, formerly 20 PS §2080.705, provides for the method of service thereof. With one recent exception, local practice has been adapted to conform to form and method of service of process thereby provided.

The second matter concerns averment, in her petition for appointment of guardian, of the names and addresses of the next of kin of alleged incompetent pursuant to Rule 2(a) (3), section 14, of Supreme Ct. O. C. Rules. In this estate, it was alleged in substance by petition for appointment of guardian that petitioner, spouse of alleged incompetent, would be the only next of kin and heir at law of alleged incompetent if he would have died intestate at that time. At hearing on September 8, 1972, it was revealed that alleged incompetent then had at least one sister and some issue of deceased siblings residing in the Commonwealth and perhaps elsewhere. Since alleged incompetent then had no issue, his spouse would have taken the first $20,000 of his estate pursuant to section 2102(3) of said code, formerly 20 PS §1.2(3), if he would

have died intestate at that time. As a practical matter, petitioner would have taken all of alleged incompetent's estate if he would have died intestate at that time, since, according to the petition, his estate did not approach $20,000. Petitioner construed said Orphans' Court Rule practically rather than theoretically, i.e., she concluded that she was the only next of kin, since, as a practical matter, she would have taken all of alleged incompetent's estate if he would have died intestate at that time. In this she erred in not construing the rule theoretically, and, by reason of her error, she overlooked the requirement of section 5511 of said code, 50 PS §3301, that she give notice of petition and hearing to all persons, inter alia, residing in the Commonwealth who were then sui juris and who would have then been entitled to share in the estate of alleged incompetent if he would have died intestate at that time. Accordingly, we required her to give notice of an adjourned hearing. We referred to section 768 of said code, formerly 20 PS §2080.711, and section 5, Rule 1, of Supreme Ct. O. C. Rules, and directed service by publication by reason of petitioner's lack of knowledge concerning the identity and whereabouts of such persons entitled to notice. Notice of the adjourned hearing was properly given in advance thereof, but the petition has not been amended to set forth the names and addresses of the next of kin of alleged incompetent in accordance with section 14, Rule 2(a) (3), of Supreme Ct. O. C. Rules. We, therefore, suggest that the name, address and status as to legal competency of each next of kin should be made a matter of record either by amendment to the petition or by affidavit of the petitioner filed of record. The names and addresses are advisable so that the court would be able to determine in subsequent proceedings in the administration that due notice was

14

given to all parties in interest. The matter of competency would be of significance to the court in determining whether or not a guardian should be appointed for incompetent parties in interest in such subsequent proceedings.

The third matter has arisen upon presentation of a petition for sale of real property. Although the petition does not reveal the statutory authority therefor, we assume that it was presented pursuant to sections 3353 and 5521(23) of said code. Section 3353 of said code provides for authorization to sell real estate "after such notice as the court shall direct, whenever the court shall find such sale, . . . to be desirable for the proper administration and distribution of the estate." Section 443 of the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, 50 PS §3443, which was in effect prior to the effective date of said code, provided for authorization to sell real estate "whenever the court finds it to be for the best interests of the incompetent . . . after the notice directed by the court." For purposes of our discussion, we see no material distinction between the two provisions with respect to notice.* Recently, we were persuaded by an attorney in another estate to believe that such notice language granted judicial discretion to dispense with notice in a private sale proceeding. By reason of our belief that the persuasion was erroneous and by reason of the lack of definitive authority in this impor-

---

* We do note the distinction between the criterion advanced by the two provisions, the first being "desirable for the proper administration and distribution of the estate" and the second being "best interests of the incompetent." Since distribution is not usually a consideration in the administration of incompetents' estates, we assume that such distinction unintentionally resulted from hasty incorporation by reference of law relating to sale of decedents' real estate into law relating to sale of incompetents' real estate.

tant area of practice, we deem it advisable to clarify the misunderstanding which may have heretofore existed. We are convinced that such language does not grant to the court discretion to dispense with notice but only discretion to determine the type of notice. Our conviction in this is supported by the refusal of our courts to authorize sale of an incompetent's real estate without due notice to those persons who would constitute his heirs if he then died: Mitchell v. Spaulding, 206 Pa. 220 (1903). In exercising such discretion, we believe that we should be guided by section 5, Rule 1(a), (b) and (c) of Supreme Ct. O. C. Rules even though (d) thereof grants the court discretion to direct other type of notice. We borrow in part from Hurst Estate, 7 D. & C. 2d 269, 270 (1956), in stating our rule thus: Where, in a petition for private sale of real estate pursuant to sections 3353 and 5521(23) of said code, all next of kin of the alleged incompetent were before the court either as petitioners or by joinder or by having been previously notified of the intended presentation of the petition, at least 10 days before the filing thereof, no notice of the private sale, by publication or otherwise, will be required unless unusual circumstances exist.

Such an unusual circumstance exists where, as here, the recital of next of kin is in error and uncorrected of record. Unusual circumstances would also exist where petitioner manifests uncertainty as to the identity, whereabouts or existence of some of the next of kin, where prognosis of the alleged incompetent's mental condition is encouraging, where adverse interest of next of kin is apparent to the court, where lack of harmony exists among next of kin or where the real property is unique and of uncertain value. Under any one of such unusual circumstances, notice by publication once a week during three successive calendar weeks in

16

the Mifflin County Legal Journal and in a newspaper of general circulation in Mifflin County may be directed together with posting of notice at a conspicuous place on the premises and three additional notices in public places in the vicinity of the premises.

Pursuant to the foregoing rules, the following preliminary decree is entered:

### DECREE

Now, December 12, 1972, upon consideration of the within petition and upon motion of Larry Knepp, Esq., attorney for petitioner, it is ordered and decreed that January 23, 1973, at 10 a.m., in the courtroom of the courthouse, Lewistown, be set as the time and place of hearing of the same and for consideration of approval of proposed sale to Diane P. Park for price or sum of $9,400.

Notice of the same shall be given by advertising once a week for three successive weeks in the Mifflin County Legal Journal and in one other newspaper of general circulation in Mifflin County and by posting a notice at a conspicuous place on and three additional notices in public places in the vicinity of the premises. Proofs of publication are to be submitted at the time fixed for approval of the sale.